UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　No. 12-20654

　　　　　　Plaintiff,　　　　　　　　　Hon. Robert H. Cleland

-vs-

D-1 MICHAEL WOJCIK,

　　　　　　Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, an Information was filed which charged Defendant MICHAEL WOJCIK ("Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

WHEREAS, Defendant pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and agreed in his Rule 11 Plea Agreement, pursuant to 18 U.S.C. § 2253, to forfeit to the United States his interest in any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections; any property, real or personal, constituting or traceable to gross profits

or other proceeds obtained from such offense; and any property, real or personal, involved in the commission of violations of Title 18, United States Code, Section 2252A(a)(2) including, but not limited to:

- a) One Seagate 160 GB hard drive (serial number 4JS2GG20);
- b) One Samsung 500 GB hard drive (serial number S1PZJ1DQ523116); and
- c) One Toshiba Satellite A205 laptop computer (serial number 37200084Q), including Hitachi 160 GB hard drive, serial number (SJHYZSDE).

Hereinafter collectively referred to as the "Personal Property."

NOW THEREFORE, pursuant to Fed.R.Crim.P. 32.2, based upon Defendant's acknowledgment of criminal forfeiture proceedings, Defendant's agreement to the forfeiture of the Personal Property, the Information, the Rule 11 Plea Agreement, Defendant's guilty plea, and all the information contained in the record, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Personal Property listed above IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, title or interest of Defendant in such property IS HEREBY AND FOREVER EXTINGUISHED.

2. The Personal Property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and the requisite nexus exists between these items and the offense of conviction set forth in the Indictment.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish on www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Personal Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said notice shall direct that any person other than the Defendant asserting a legal interest in the Personal Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Personal Property. The petition must be signed by the petitioner under penalty of perjury and

must set forth the nature and extent of the petitioner's alleged right, title or interest in the Personal Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Personal Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Personal Property.

5. This Preliminary Order of Forfeiture shall become final as to Defendant at the time he is sentenced. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.CrimP. 32.2(c)(2).

6. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Personal Property following the Court's disposition of all third-party interests, or, if none, following

    the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: _August 16, 2013      __s/Robert H. Cleland_
                            HONORABLE ROBERT H. CLELAND
                            UNITED STATES DISTRICT JUDGE